UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURIE A. BUONANNO and
MARK LANZE,

               Plaintiffs,

v.

VERMONT ICELANDIC HORSE FARM, INC.,

               Defendant.

**REPORT AND RECOMMENDATION**

10-CV-00904(A)(M)

---

      This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [4].[1] Before me is defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(2) for lack of personal jurisdiction, and pursuant to Rule 12(b)(3) for improper venue [8]. For the following reasons, I recommend that defendant's unopposed motion [8] be granted to the extent it seeks dismissal for lack of personal jurisdiction, but otherwise be denied as moot.

## BACKGROUND

      This negligence action arises from personal injuries sustained by plaintiff Laurie Buonanno as a result of a fall at defendant's horse farm in Waitsfield, Vermont on June 24, 2008. Complaint [1]. In lieu of answering the complaint, defendant moved to dismiss the complaint for lack of personal of jurisdiction and for improper venue [8].

## ANALYSIS

      Plaintiffs do "not oppose the motion on the grounds of lack of jurisdiction." Tronolone Affidavit [11], ¶3. Therefore, I recommend that defendant's motion be granted to the

---

[1] Bracketed references are to CM-ECF docket entries.

extent it seeks to dismiss the complaint for lack of personal jurisdiction. Based upon this recommendation, I need not address defendant's motion to dismiss for improper venue.

## CONCLUSION

For these reasons, I recommend that defendant's motion [8] be granted to the extent it seeks to dismiss the complaint for lack of personal jurisdiction, but otherwise be denied as moot.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by March 28, 2011(applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of the Local Rules of Civil Procedure for the Western District of New York, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

**SO ORDERED.**

Dated: March 10, 2011

                                                      _____
                                                    JEREMIAH J. MCCARTHY
                                                   United States Magistrate Judge